**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Ronald S. STERN, a.k.a. Burton D.
Greenfield, a.k.a. Bob Morgan,
Defendant–Appellant.**

**No. 12–50064.**

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 10, 2012.[*]

Filed Sept. 20, 2012.

Ranee A. Katzenstein, Esquire, Curtis Arthur Kin, Esquire, Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Jonathan D. Libby, Esquire, Deputy Federal Public Defender, FPDCA—Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

MEMORANDUM [**]

Ronald S. Stern appeals from the 24–month sentence imposed upon revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Stern contends that his above-Guidelines sentence is substantively unreasonable, in light of his health problems and the allegedly minor nature of his violations. The sentence is substantively reasonable in light of the totality of the circumstances and the 18 U.S.C. § 3583(e) sentencing factors. *See Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007); *United States v. Simtob,* 485 F.3d 1058, 1063 (9th Cir.2007) ("A violator who, after committing an offense and being placed on supervised release for that offense, again commits a similar offense is not only more likely to continue on that path, but also has demonstrated to the court that the violator has little respect for its command.").

**AFFIRMED.**

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.